IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DIANA PRESTWICH,

       Plaintiff,

v.                       ORDER

CAROLYN W. COLVIN,             14-cv-815-jdp
Acting Commissioner of Social Security,

       Defendant.

---

  Plaintiff Diana Prestwich seeks judicial review of a final decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. On February 3, 2016, the court heard oral argument in this case. For reasons explained during the hearing and summarized here, the court will remand this case to the Commissioner for further proceedings.

  At step three of the sequential evaluation, the ALJ determined that Prestwich experiences moderate limitations in concentration, persistence, or pace (CPP). R. 25.[1] The ALJ relied on opinions by the state agency consultants (Drs. Rattan and Lefevre) and by Dr. James Hobart, a consulting examiner, as well as a function report that Prestwich completed. *Id.* The ALJ's hypothetical to the vocational expert (VE) provided, in relevant part, that the hypothetical individual would be able to perform:

> work that is limited to simple, routine, and repetitive tasks in a low-stress job defined as having only occasional decision making required and only occasional changes in the work setting; work where there's only occasional interaction with the public, only occasional interaction with co-workers, and associated work that is isolated with only occasional supervision.

---

[1] Record cites are to the administrative transcript, located at Dkt. 7.

R. 68.

The ALJ did not explain how the hypothetical (or the corresponding RFC) accounted for Prestwich's moderate CPP limitations. Although the ALJ did not have to specifically include the terms "concentration, persistence, or pace" in the hypothetical or in the RFC, the phrasing needed to accommodate Prestwich's specific CPP limitations. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). The Seventh Circuit has repeatedly rejected the notion that limiting a claimant to unskilled work, or to simple, routine tasks, adequately accounts for moderate CPP limitations. *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014); *see also Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015) ("[W]e have repeatedly rejected the notion that a hypothetical like the one here 'confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace.'" (quoting *Yurt*, 758 F.3d at 858-59)). Additionally, limiting a claimant to "'[f]ew if any work place changes' with limited 'interaction with coworkers or supervisors' deals largely with workplace adaptation, rather than concentration, pace, or persistence." *Varga*, 794 F.3d at 815.

To his credit, the ALJ's hypothetical and RFC did include several nonexertional limitations that went beyond "simple, routine, repetitive tasks" and workplace changes. But the ALJ did not connect the selected limitations to Prestwich's specific limitations, in particular, her concentration limitations. Although the record is clear that Prestwich's moderate CPP limitations are attributable to her affective disorder, anxiety, and depression, the court has no way of knowing whether or how the ALJ's hypothetical and RFC fully accounted for Prestwich's particular problems maintaining concentration for extended periods of time. Without an explanation from the ALJ, it is not clear that his phrasing

sufficiently accounted for Prestwich's CPP limitations. The court must therefore remand this case to the Commissioner.

On remand, when determining Prestwich's RFC, the ALJ must fully account for Prestwich's moderate CPP limitations with specific references to the record. After addressing Prestwich's moderate CPP limitations in the RFC, the ALJ must be sure to incorporate those limitations in his hypothetical questions to the VE. "As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." *Yurt*, 758 F.3d at 857.

Prestwich also raises concerns regarding the ALJ's treatment of Dr. James Hobart's opinion. The Commissioner concedes that the ALJ's explanation for the weight he afforded Dr. Hobart's opinion was cursory. Thus, on remand, the ALJ should expressly identify what portions of Dr. Hobart's opinion he is not inclined to credit and why. In assigning the appropriate weight, the ALJ should expressly identify and apply the pertinent regulatory factors, as required under 20 C.F.R. § 404.1527. *See Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000), *as amended*, (Dec. 13, 2000) (citing 20 C.F.R. § 404.1527(d)(2)).

Finally, Prestwich contends that the VE lacked a proper foundation from which to testify to the number of jobs available to a person with Prestwich's RFC. As the court has recognized in the past, the Seventh Circuit has expressed some skepticism toward the standard methodology VEs use to calculate the number of jobs available to a particular claimant. *See, e.g.*, *Voigt v. Colvin*, 781 F.3d 871 (7th Cir. 2015). As discussed during the hearing, this court shares that skepticism. But Prestwich's particular criticism of the VE's methodology will have to wait for appellate precedent instructing that the use of this methodology is reversible error.

Prestwich was represented at the hearing before the ALJ, and her representative did not challenge the numbers that the VE provided (or any aspect of the VE's testimony, for that matter). R. 68-70. Under current law, the ALJ is entitled to accept a VE's unchallenged conclusions unless there are apparent conflicts between the VE's testimony and the *Dictionary of Occupational Titles*. *Overman v. Astrue,* 546 F.3d 456, 463 (7th Cir. 2008). A social security claimant forfeits arguments regarding conflicts between a VE's testimony and the DOT when the claimant is represented at the hearing and her representative fails to object. *Id.* Thus, this issue is not a basis for remand.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Diana Prestwich's application for disability benefits and supplemental security income is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered February 3, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge